STANTON v. MAYNE.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

TRUSTS—ACKNOWLEDGMENT—INTERPRETATION.

M., who owned an interest in certain lands, gave to S. an instrument reciting that he held an assignment made by S. of his interest in the lands, for which S. had paid A. $2,500, "being said A.'s interest in said property"; and an acknowledgment of the memorandum stated that M. held such assignment in trust for S.'s wife. A second memorandum was executed as an acknowledgment and continuation of the former one, in which the statements were made "that [the wife] has $2,500 invested in the property,"

etc., "and that she owns an interest in the amount named above." At the time of giving this to her, M. stated that her interest in the property would be $2,500. *Held*, that the papers acknowledge the holding in trust of S.'s interest in the real estate for the wife's benefit, not the holding in trust of any sum of money for her benefit, or the acknowledgment of any charge, claim, or lien on the lands; and that the statements were merely statements that S. had said amount invested in the property, and were not covenants that M. would pay that amount.

Appeal from judgment on report of referee.

Action by Malinda A. Stanton against John Mayne. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

R. M. Townsend, for appellant.
W. H. Johnson, for respondent.

HERRICK, J. I think the referee was in error in holding that the plaintiff was entitled to an undivided one-half interest in the real estate, and, in addition, to a lien thereon for the sum of $2,-500. Under the evidence, she was entitled to one, or the other, but not to both. The interest of the plaintiff all turns upon the meaning of the instrument of August 23, 1883. That recites that the defendant holds an assignment made by A. J. Stanton of his interest in certain lands and foundry building, for which Stanton paid one Adams the sum of $2,500, "being said Adams' interest in said property"; and the acknowledgment added to that memorandum states that he holds such assignment in trust for Malinda A. Stanton. Together these papers acknowledge the holding in trust of Stanton's interest in the real estate, not the holding in trust of any sum of money for the plaintiff's benefit. There is no acknowledgment of the existence of any charge, claim, or lien upon it; but a mere acknowledgment of the holding of Stanton's interest in the real estate for his wife's benefit. The second memorandum (the one dated September 17, 1888) was not given as a new agreement to take the place of, or as a substitute for, the old, but was simply executed as an acknowledgment and continuation of the former one. As the plaintiff expresses it, she asked him to give it to her because she "did not know but that the other paper might outlaw." The statements made from time to time as to the amount of Stanton's interest in the real estate was that "he paid said Adams the sum of $2,500, being said Adams' interest in said real estate," contained in the original written memorandum. The defendant's statement to plaintiff at the time of giving her such memorandum, that her interest in the property would be $2,500, and the statement in the memorandum of September 17, 1888, "that Malinda A. Stanton has $2,500 invested in the property," etc., "and that she owns an interest to the amount named above," are all merely statements that Stanton had that amount invested in the property, but were not statements or covenants that the defendant would pay that amount, or that he held such sum of money in trust for the plaintiff.

I can find no agreement anywhere upon the part of the defendant to pay the plaintiff the sum of $2,500, or any acknowledgment on his part that he holds any sum of money whatever, as such, in trust for her, but simply that he holds the interest that her husband had in such real estate in trust for her. It does not specifically appear what the relative interests of the defendant and Stanton were; but I think we must assume that each had an equal interest, and it would follow from that that the plaintiff was entitled to one-half. of the rents, issues, and profits and proceeds of the sale of such real estate, and to an undivided one-half part of what real estate is remaining. The referee has made a computation and statement of what the defendant has received from such real estate, and of the credits that he is entitled to, and of the payments that he has made to the plaintiff; and I can find no error in such computation and statement, and that part of his decision and the judgment thereon for the sum of $681.64 should be affirmed. The remaining portion of his decision and judgment, holding and determining that the plaintiff has a lien upon the real estate, in addition to the above-mentioned sum of $681.64, to the amount of $2,500, should be reversed; and the judgment should be modified so as to declare and determine that the plaintiff has an undivided one-half interest in the real estate remaining unsold; that such real estate should be sold, subject to the mortgage of $2,500, and, out of the proceeds thereof, there should be paid—First, the plaintiff's costs and expenses of this action; second, that one-half of the remainder be paid to the plaintiff, and that, out of the remaining one-half, there be paid to the plaintiff the sum of $681.64, with interest from the 22d day of July, 1890, and that the balance of such remaining one-half, if any there be, be paid to the defendant; that if the defendant's one-half of the proceeds of such real estate is not sufficient to pay the aforesaid sum of $681.64, with interest as aforesaid, then the plaintiff have judgment for the deficiency against the defendant personally; and that the judgment as so modified be affirmed, with costs of this appeal to the appellant. All concur.